UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 6:16CR00025-07 |
| VS. | : | JUDGE MINALDI |
| NATHAN GEORGE | : | MAGISTRATE JUDGE HANNA |

MEMORANDUM RULING

Before the court is the defendant's appeal (Rec. Doc. 148)[1] of Magistrate Judge Hanna's Order of Pretrial Detention (rec. Doc. 88). This is opposed by the Government. (Rec. Doc. 187).

A detention hearing was held before Magistrate Judge Patrick Hanna on February 23, 2016. The defendant argues that the evidence concerning him presented at the hearing was marginal. He has lived at the same address his entire life. He lives with his grandmother who is willing to be third-party custodian. Testimony was also presented from his sister Shannon Senegal, his uncle Ronald St. Julian and his father Nathaniel St. Julian. They all indicated a willingness to serve as custodians. George asserts that he can and would find employment if released pending trial.

Law

When the district court acts on a motion to revoke or amend a Magistrate Judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release. *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992); *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir.1985). This court as reviewed

---

[1] Docketed as a Motion for Reconsideration. However, this was clarified in the conference with Magistrate Judge Hanna on March 15, 2016 (Rec. Doc. 178).

the transcript of the detention hearing before Magistrate Judge Hanna, as well as the briefs by the parties, and finds that there is adequate support for the continued pretrial detention of this defendant.

Under the Bail Reform Act, the existence of probable cause to believe that the defendant committed a crime in violation of 21 U.S.C. § 801, *et seq.,* creates a rebuttable presumption that no conditions of release exist that would reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e). When the defendant has presented considerable evidence of his longstanding ties to the locality in which he faces trial, the presumption of flight has been rebutted. *United States v. Jackson,* 845 F.2d 1262, 1266 (5th Cir.1988). The risk of continued narcotics trafficking on bail does constitute a risk to the community. *United States v. Hare,* 873 F.2d at 796, 798 (citing *United States v. Hawkins,* 617 F.2d 59 (5th Cir.), *cert. denied,* 449 U.S. 952, 101 S.Ct. 355, 66 L.Ed.2d 215 (1980)). For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required. *Hare,* 873 F.2d at 799; *Fortna,* 769 F.2d at 249. § 3142(e) shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion; however, the mere production of evidence does not completely rebut the presumption. *Hare,* 873 F.2d at 798. In making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society. *Id.* at 798–99.

Section 3142(g) lists factors the judicial officer considers in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. These include the nature and circumstances of the offense charged, including whether the offense involves a narcotic drug; the weight of the evidence against the person; the history and characteristics of the person, including the person's character,

family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, an offense under section 924©), 956(a), or 2332b of this title, or an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed or an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title. 18 U.S.C.A. § 3142(e).

Ronald St. Julian, George's uncle, lives with the defendant and his mother. Ronald St. Julian testified that the defendant has always lived there and that he works with his great uncle doing lawn service. He also testified that he owns a sweet shop and that the defendant helps with that too. (Tr. p. 75, lines 6-19)[2]. St. Julian testified that if George was released pending the trial, he would have

---

[2] All references to the transcript herein refer to the transcript of the hearing held February 23, 2016, filed as doc. 182.

a place to stay (Tr. p. 75, lines 20-25). St. Julian knows that the defendant has been convicted of crimes in the past, but none involving firearms. (Tr. p. 76, lines 9-14).

Under cross-examination, Ronald St. Julian admitted that George was living with him in the past when convicted of multiple felonies involving controlled substances. (Tr. pp. 76, lines 20-25- p. 77, lines 1-2). He testified that he knew George was dealing narcotics at the time. (Tr. p. 77, lines 14-21). St. Julian also admitted that George does not always stay at the home with him because George stays with friends or girlfriends. (P. 78, lines 18-25 through p. 79, lines 1-6).

When questioned by the court. St. Julian admitted that he knew that George has a history of having his probation revoked, as well as multiple no-shows for court appearances. (Tr. p. 81, lines 2-12).

The testimony of Shannon Senegal, the defendant's sister, was evasive at best (Tr. Pp. 82-87), although she did indicate a willingness to serve as third party custodian if her brother were released. (Tr. p. 83, lines 9-13).

Mr. Nathaniel St. Julian, the defendant's father testified that he too was willing to be third-party custodian (Tr.p.91, lines 10-13). He is disabled, so he is home all day. (Tr.p. 91, lines 17-19).

At the detention hearing the Government proffered a pretrial services report that noted that George has four prior felony convictions, including a conviction for possession of cocaine in 2000, unauthorized use of a movable in 2001, distribution of cocaine in 2004, and a felony conviction for possession of marijuana in 2010.

Upon a *de novo* review of the evidence, this court finds that the defendant's criminal history weighs heavily against release pending trial. There is a rebuttable presumption favoring detention in 18 U.S.C. § 3142(f)(1) (c). The evidence presented by George is not sufficient to overcome that

presumption. Considering the defendant's relatively continuous involvement in criminal activities between 2000 and 2015, as well as his history of probation revocations and failure to show for court appearances, there are no conditions of release that will reasonably assure the appearance of George at trial. 18 U.S.C. §3142(f)(1)(c).

## Conclusion

The charged offense involves an alleged drug conspiracy that can result in a sentence exceeding ten years or more. George's criminal history weighs against release, even though the Government chose not to present the strength of its evidence against George at the hearing. Additionally, the parties offering to be third-party custodians are insufficient. They admitted knowing George while he was involved in past criminal activities, even knowing of those activities while they were transpiring. They stated that they would willingly report him for criminal behavior, yet they failed to do so in the past.

Accordingly, the Magistrate Judge's Order for Detention will be AFFIRMED and Nathan George will continue to be detained pending trial.

Lake Charles, Louisiana, this 26 day of March, 2016.

Patricia Minaldi, United States District Judge